UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRYAN ALLEN CARY,

    Plaintiff,    Case No. 1:17-cv-760

v.           Honorable Janet T. Neff

UNKNOWN PHOL et al.,

    Defendants.
_____/

**OPINION**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Trierweiler, McCaully, Davids, and Robinson. The Court will serve the complaint against Defendants Phol, Normington, and Mote, but only with respect to Plaintiff's claim for violation of his First Amendment right to freely exercise his religion.

**Discussion**

I.      **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred over a ten-day period beginning December 13, 2016, at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues IBC Warden Unknown Trierweiler; IBC Deputy Wardens Unknown McCaully and Unknown Davids; IBC Residential Unit Manager Unknown Mote; IBC Assistant Residential Unit Supervisor Laura Normington; IBC Corrections Officer Unknown Phol;[1] and IBC Grievance Coordinator Marshaun Robinson. Each defendant is sued in his or her personal and official capacities.

At some time during the first or second week of December, 2016, Plaintiff transferred in to IBC. He was housed in segregation until he was transferred to JCF on December 23, 2016.

Plaintiff alleges that he is a practitioner of the Native American religion. As part of his religious practices, Plaintiff keeps and wears a medicine bag. The MDOC permits members of the Native American religious group to possess a medicine bag, specifically:

> One medicine bag, no larger than 3"x5" when laid flat, with contents restricted to sage, sweet grass, cedar, bear berry leaf, mullein leaf, red willow bark, red sumac leaf, spearmint leaf, peppermint leaf, and lavender. The contents also may include protection medicine, such as a small pebble or piece of legal vegetation that is considered by the prisoner to have special significance but does not pose a threat to the custody and security of the facility. When the medicine bag is worn, it must be worn around the neck on [a] strip of leather or string no longer than 24"

---

[1] Plaintiff identifies the Corrections Officer as "Unknown Phol" in his complaint, but the exhibits suggest that the proper spelling may be "Pohl." (Prisoner Personal Property Receipt, ECF No. 1-1, PageID.16.)

MDOC Policy Directive 05.03.150A. Certain religious items are prohibited in segregation. *See* MDOC Policy Directive 04.05.120B. Although medicine bags are not expressly prohibited, such bags may be prohibited because they include other prohibited items such as "[d]rawstrings, . . . [s]trings, ropes, cords, [or] strips of leather[.]" *Id.*

Plaintiff contacted Defendants Normington, Mote, Davids, McCaully, and Trierweiler seeking possession of his medicine bag. Defendants Normington and Mote refused. Defendants Davids, McCaully, and Trierweiler never responded.

After Plaintiff was transferred to JCF, he was placed in general population. There, he was permitted to possess his medicine bag.

Plaintiff made several attempts to grieve the ten-day deprivation of his medicine bag. He claims that Defendant Robinson refused to properly process the grievances.

Plaintiff contends that Defendants violated his First Amendment right to freely exercise his religion by depriving him of his medicine bag. Plaintiff contends Defendants further violated his First Amendment rights by retaliating against him for filing grievances and lawsuits relating to an earlier deprivation of Plaintiff's medicine bag by some of the Defendants. Plaintiff asks the Court to award him $5,000.00 in compensatory and punitive damages against each defendant.

This is Plaintiff's fourth of five suits involving his medicine bag(s):

1. *Cary v. Robinson et al.*, 1:13-cv-431 (W.D. Mich.);
2. *Cary v. Napel et al.*, 2:16-cv-102 (W.D. Mich.);
3. *Cary v. Campbell et al.*, 1:16-cv-1429 (W.D. Mich.);
4. *Cary v. Phol et al.*, 1:17-cv-760 (W.D. Mich.); and
5. *Cary v. Mox et al.*, 2:17-cv-12862 (E.D. Mich.).

Plaintiff's allegations in this suit were also raised in *Cary v. Robinson et al.*, 1:13-cv-431 (W.D. Mich. Dec. 27, 2016). (1:13-cv-431, Declaration of Bryan Cary, PageID.990.) All three of Plaintiff's prior medicine-bag cases were settled and dismissed with prejudice by stipulation in March of 2017.

By separate motion, (ECF No. 4), Plaintiff also asks for injunctive relief directing the MDOC to put its "old Handbook of Religious Groups" back in effect, because it explains that the medicine bag and its contents are sacred and are used for protection and prayer." (Mot., ECF No. 4, PageID.29.) Plaintiff contends such relief is necessary so that staff will stop damaging and destroying Plaintiff's medicine bag and herbs. It is noteworthy that Plaintiff makes no allegations in this suit that any of these Defendants have damaged or destroyed Plaintiff's medicine bag or herbs. Plaintiff's other suits have made such allegations.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges that the Defendants have violated his First Amendment rights by interfering with the free exercise of his religion and by retaliating against Plaintiff for his pursuit of conduct protected by the First Amendment, such as the filing of grievances and lawsuits.

A.      Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to

prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a civil rights action regarding prison conditions is certainly protected conduct. *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). The filing of a prison grievance is also constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith*, 250 F.3d at 1037; *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). Thus. Plaintiff's allegations satisfy the first prong of the retaliation test.

Even if the Court assumes that Defendants' conduct with respect to Plaintiff's medicine bag rises to the level of adverse action, Plaintiff has failed to allege sufficient facts on the third prong. Plaintiff utterly fails to allege facts suggesting that Defendants conduct with respect to Plaintiff's medicine bag was motivated by retaliation.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th

Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Plaintiff merely parrots the word "retaliate" four times in his complaint. (Compl., ECF No. 1, PageID.4.) He makes no attempt to connect the adverse actions he suffered to the protected conduct nor has he presented any facts to support his conclusion that Defendants were motivated to retaliate against Plaintiff by his filing of grievances or lawsuits. Accordingly, his speculative and conclusory allegations of retaliation fail to state a claim.

B.  Active participation in the constitutional violation

Plaintiff alleges that Defendants Phol, Normington, and Mote actively participated in depriving Plaintiff of his medicine bag while he was in segregation. Defendant Phol placed the bag in Plaintiff's property and refused to provide it to Plaintiff in segregation. When Plaintiff brought the matter to the attention of Defendant Normington and Defendant Mote, each specifically informed Plaintiff that he could not have his medicine bag. With respect to Defendants Trierweiler, McCaully, and Davids, however, Petitioner informed them by kite about his medicine bag, but he never received any response. (Compl., ECF No. 1, PageID.2.) The most Plaintiff can say about them is that they did not respond to his complaint. Similarly, with respect to Defendant Robinson, Plaintiff alleges only that Robinson did not properly process Plaintiff's grievances regarding the medicine bag.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v.*

*Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Trierweiler, McCaully, Davids, or Robinson engaged in any active unconstitutional behavior. He alleges only that they failed to respond to a complaint or grievance. Accordingly, he fails to state a claim against them.

        C.    <u>Interference with Plaintiff's free exercise of his religion</u>

. While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). Plaintiff's allegations against Defendants Phol, Normington, and Mote suffice to state a claim for violation of Plaintiff's First Amendment free exercise rights.

        III.    <u>Injunctive relief</u>

Plaintiff asks the Court to compel the MDOC to again rely upon its "old Handbook of Religious Groups" and, further, to raise the handbook to the level of a policy directive. (Pl.'s Declaration, ECF No. 5, PageID.31.) When examining a motion for preliminary injunctive relief, the district court is required to balance the following four factors:

    (1)    Whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits;

    (2)    Whether the plaintiff has shown irreparable injury;

(3) Whether the issuance of a preliminary injunction would cause substantial harm to others; and

(4) Whether the public interest would be served by issuing a preliminary injunction.

*United States v. Szoka*, 260 F.3d 516, 523 (6th Cir. 2001); *Washington v. Reno*, 35 F.3d 1093, 1098 (6th Cir. 1994); *Higgs v. Bland*, 888 F.2d 443, 448 (6th Cir. 1989). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).

Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438 n.3, (6th Cir. 1984); *see also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969); *see also O'Lone*, 482 U.S. at 342.

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits in his lawsuit. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). A party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in his complaint. *See Colvin v. Caruso,* 605 F.3d 282, 300 (6th Cir. 2010) ("'[T]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the

9

complaint.'") (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997))..

Plaintiff's request for injunctive relief falls short. The wrongs Plaintiff seeks to address by way of the injunction are not the wrongs he alleges in this action. He claims the injunction is necessary to stop staff from damaging and destroying Plaintiff's medicine bag and herbs. (Pl.'s Mot., ECF No. 4, PageID.29.) There are no allegations in this suit that any Defendant damaged or destroyed Plaintiff's medicine bag or herbs. The bag remained safe and undisturbed in his stash of property for the ten-day period at issue. Plaintiff's allegations regarding damage and destruction to his medicine bag and its contents appear in other lawsuits, not this one.

Plaintiff's request for injunctive relief also fails because he is no longer at IBC. A prisoner's transfer to a new facility moots claims for injunctive or declaratory relief arising from the particular conditions of confinement at the former prison. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). "A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility." *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013). Finding mootness is proper even where a prisoner faces the same issues giving rise to his original claims at the new facility. *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003). The issue Plaintiff faced at IBC, whether he could possess his medicine bag in segregation, is not the problem that he presently faces at JCF. Moreover, the conditions Plaintiff faces at JCF are the subject of a different lawsuit: *Cary v. Mox et al.*, 2:17-cv-12862 (E.D. Mich.).

Plaintiff, therefore, is not entitled to the injunctive relief he seeks.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Trierweiler, McCaully, Davids, and Robinson will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Phol, Normington, and Mote, but only with respect to Plaintiff's claim for violation of his First Amendment right to freely exercise his religion. Plaintiff's allegations regarding retaliation fail to state a claim. Plaintiff's request for preliminary injunctive relief will be denied.

An Order consistent with this Opinion will be entered.


Dated: October 3, 2017                                /s/ Janet T. Neff
                                                     Janet T. Neff
                                                     United States District Judge