UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY #269436,

        Plaintiff,                        Hon. Janet T. Neff

v.                                    Case No. 1:17-cv-760

UNKNOWN POHL, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendants' Motion for Summary Judgment.   (ECF

No. 18).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion

be **dismissed as moot and this action dismissed**.

## BACKGROUND

        Plaintiff is presently incarcerated with the Michigan Department of Corrections

(MDOC) at the Michigan Reformatory.   The events giving rise to the present action occurred over a

ten-day period beginning December 13, 2016, at the Bellamy Creek Correctional Facility (IBC).

Plaintiff has sued IBC Warden Unknown Trierweiler; IBC Deputy Wardens Unknown McCaully and

Unknown Davids; IBC Residential Unit Manager Unknown Mote; IBC Assistant Residential Unit

Supervisor Laura Normington; IBC Corrections Officer Unknown Pohl, and IBC Grievance

Coordinator Marshaun Robinson.   The following allegations are contained in Plaintiff's complaint.

        Plaintiff practices the Native American religion.   As part of his religious practices,

Plaintiff keeps and wears a medicine bag.   The MDOC permits members of the Native American

-1-

religious group to possess a medicine bag, specifically:

> One medicine bag, no larger than 3"x5" when laid flat, with contents restricted to sage, sweet grass, cedar, bear berry leaf, mullein leaf, red willow bark, red sumac leaf, spearmint leaf, peppermint leaf, and lavender. The contents also may include protection medicine, such as a small pebble or piece of legal vegetation that is considered by the prisoner to have special significance but does not pose a threat to the custody and security of the facility. When the medicine bag is worn, it must be worn around the neck on [a] strip of leather or string no longer than 24"

MDOC Policy Directive 05.03.150A.

However, prisoners who are in administrative segregation may not possess certain items, including items such as "[d]rawstrings, . . .[s]trings, ropes, cords, [or] strips of leather[.]"  *See* MDOC Policy Directive 04.05.120, Attachment B.

On an unspecified date, Plaintiff purchased a medicine bag.  On December 13, 2016, while Plaintiff was housed in administrative segregation, the medicine bag arrived at IBC.  Defendant Pohl placed the medicine bag with Plaintiff's other personal property and informed Plaintiff that he would receive his property upon his release from segregation.  Defendants Normington, Mote, Davids, McCaully, and Trierweiler refused Plaintiff's subsequent requests to possess his medicine bag while in segregation.  Plaintiff was transferred to another facility on December 23, 2016, where he was placed in general population and permitted to possess his medicine bag.  Plaintiff attempted to timely grieve the ten-day deprivation of his medicine bag, however, Defendant Robinson refused to properly process his grievances.

Plaintiff alleges that Defendants violated his First Amendment right to freely exercise his religion by depriving him of his medicine bag while he was in administrative segregation. Plaintiff further contends that Defendants violated his First Amendment rights by unlawfully

retaliating against him for filing grievances and lawsuits relating to an earlier deprivation of his medicine bag.  Plaintiff's claims against Defendants Trierweiler, McCaully, Davids, and Robinson were dismissed on screening.  (ECF No. 7).  With respect to Defendants Pohl, Normington, and Mote, Plaintiff's claims were dismissed save his claims for violation of his First Amendment right to freely exercise his religion.  Defendants Pohl, Normington, and Mote now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).  The non-moving party "may not rest upon [his]

mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

-4-

## ANALYSIS

I.        **Prison Litigation Reform Act Screening**

    A.        Defendant Pohl

        Pursuant to the Prison Litigation Reform Act (PLRA), the Court "shall" dismiss any prisoner claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.   28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).   For the reasons discussed below, the Court concludes that Plaintiff's remaining claim against Defendant Pohl must be dismissed for failure to state a claim.

        A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a

plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges that Defendant Pohl did nothing more than place the medicine bag with Plaintiff's other personal property and inform Plaintiff that he would receive his property upon his release from segregation. Plaintiff does not allege that he interacted in any way with Pohl in an attempt to possess his medicine bag while in segregation. Plaintiff likewise does not assert that Pohl refused any request to provide him with his medicine bag while in segregation. In short, Plaintiff has failed to allege any misconduct or unlawful conduct by Defendant Pohl. Accordingly, the undersigned recommends that Plaintiff's remaining claim against Defendant Pohl be dismissed for failure to state a claim on which relief may be granted.

B.    Defendants Normington and Mote

Plaintiff alleges that Defendant Northington refused, on December 15, 2017, to give him his medicine bag. Plaintiff alleges that Defendant Mote refused, on December 20, 2017, to give him his medicine bag. Plaintiff further alleges that his medicine bag was returned to him on December 23, 2016. Thus, Plaintiff alleges that Defendants Northington and Mote denied him access to his medicine bag for eight and three days, respectively.

To violate the First Amendment, the conduct in question must impose a substantial burden on Plaintiff's right to freely exercise his religion. *See Townsend v. Ouellette*, 2018 WL 286427 at *8 (W.D. Mich., Jan. 4, 2018) (citations omitted); *Bennett v. Burt*, 2016 WL 7034240 at *3-

4 (W.D. Mich., Dec. 2, 2016) (citations omitted).   Isolated or insubstantial burdens on a prisoner's ability to freely exercise his religion, however, do not implicate the First Amendment.   *See Townsend*, 2018 WL 286427 at *8 (citations omitted); *Bennett*, 2016 WL 7034240 at *3-4 (citations omitted). The alleged deprivation in this matter constituted no more than a de minimis interference with Plaintiff's ability to freely exercise his religion.   *See, e.g., Buck v. Lake County Sheriff*, 2004 WL 2983966 at (N.D. Ill., Dec. 23, 2004) (non-participation in group religious services for 42 days constitutes a de minimis interference which does not implicate the First Amendment); *Harke v. Ada County Sheriffs*, 2011 WL 3679058 at *7 (D. Idaho, Aug. 22, 2011) (confiscation of inmate's bible constituted a de minimis burden which did not implicate the First Amendment).   Moreover, even if the Court assumes that the deprivation in question was substantial, Plaintiff's claim nevertheless fails if the deprivation was reasonably related to a legitimate penological interest.   *See, e.g., Bennett*, 2016 WL 7034240 at *4 (citations omitted).   Not permitting inmates in administrative segregation to possess items such as leather straps, which could be used to harm themselves or others, is clearly related to a legitimate penological interest.   Accordingly, the undersigned recommends that Plaintiff's remaining claims against Defendants Northington and Mote be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 18), be **dismissed as moot and this action dismissed**. The undersigned further recommends that appeal of this matter would not be taken in good faith.   *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: July 2, 2018                              __/s/ Ellen S. Carmody_____
                                                 ELLEN S. CARMODY
                                                 U.S. Magistrate Judge