UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ALLEN CARY,

    Plaintiff,

v.

UNKNOWN PHOL, et al.,

    Defendants.
_____/

Case No. 1:17-cv-760

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's claim that seven Defendants violated his First Amendment right to freely exercise his Native American religion by depriving him of his medicine bag while he was in administrative segregation (ECF No. 1). Plaintiff's claims against four Defendants were dismissed on screening (ECF No. 7). The remaining Defendants Pohl[1], Normington, and Mote filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his available administrative remedies (ECF No. 18). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that Plaintiff's remaining claims be dismissed for failure to state a claim pursuant to the Prison Litigation Reform Act (PLRA), Defendants' motion be dismissed as moot, and this action be dismissed (ECF. No. 26). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and

---

[1] The record contains a discrepancy in the spelling of Defendant Pohl's name. Although Plaintiff named "Unknown Phol" as a defendant, Defendants' filings are made on behalf of Defendant "Pohl." The Court Presumes the latter to be correct and will reference Defendant Pohl accordingly, as did the Report and Recommendation.

FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff raises various objections to the Magistrate Judge's Report and Recommendation. As a threshold matter, Plaintiff argues that the Magistrate Judge improperly "request[s] that Plaintiff's case be dismissed by raising an argument defendants did not raise" and recommending that this action be dismissed for failure to state a claim (Pl. Obj., ECF No. 27 at PageID.187; R&R, ECF No. 26 at PageID.182). This argument is without merit. With regard to Defendant Normington and Mote, the Magistrate Judge found that the alleged deprivation of Plaintiff's medicine bag did not constitute a substantial burden on Plaintiff's right to freely exercise his religion, which is required to support a First Amendment violation claim (ECF No. 26 at PageID.181-82). As indicated by the Magistrate Judge in the Report and Recommendation (ECF No. 26 at PageID.180), pursuant to the PLRA, the Court shall "on its own motion or on the motion of a party" dismiss an action which "fails to state a claim upon which relief can be granted …." 42 U.S.C. § 1997e(c). The Magistrate Judge properly conducted the required review under the PLRA.

Plaintiff nonetheless argues that the Magistrate Judge erred in finding that Plaintiff failed to state claims as to the remaining Defendants. The Report and Recommendation found that the alleged deprivation of Plaintiff's medicine bag by Defendants Normington and Mote, for eight and three days respectively, constituted no more than a de minimis interference on Plaintiff's right to freely exercise his religion, not a substantial burden (ECF No. 26 at PageID.181-182). Further, "even if the Court assumes that the deprivation in question was substantial, Plaintiff's claim nevertheless fails if the deprivation was reasonably related to a legitimate penological interest,"

and not permitting inmates in administrative segregation to possess items such as leather straps, which could be used to harm themselves or others, is clearly related to a legitimate penological interest (*id*. at 182).

Plaintiff argues to the contrary that such conduct did impose a substantial burden on his right to freely exercise his religion because "for 10 days [Plaintiff] had no protection and could not pray" (ECF No. 27 at PageID.186). Additionally, no legitimate penological interest exists. With regard to the penological interest, Plaintiff contends, as noted above, that the Magistrate Judge improperly created the argument for Defendants, and regardless, the argument is "moot" because Defendants "are well aware" that they are to remove the strap and give Plaintiff the medicine bag (ECF No. 27 at PageID.186). Plaintiff asserts that the authority cited by the Magistrate Judge is not controlling and the Court is not bound by it.

Plaintiff's contentions establish no error in the Magistrate Judge's analysis or conclusion, which is properly based on the record and the governing law. This Court has held, as the Magistrate Judge noted, that "isolated" burdens on one's free exercise of religion are de minimis and do not implicate the First Amendment (ECF No. 26 at PageID. 182 (citing cases); *Townsend v. Ouellette*, 2018 WL 286427 at *8 (W.D. Mich., January 4, 2018)). While the Magistrate Judge cited authority that is not binding on this Court, it comports with the law and is persuasive with regard to the circumstances presented and the conclusion that the alleged deprivation was de minimis (ECF No. 27 at PageID.186). Plaintiff's assertion that Defendants could have removed the leather strap and given him the medicine bag does not undermine the Magistrate Judge's conclusion that the deprivation of the medicine bag was related to a legitimate penological interest. Plaintiff fails to cite any authority for this assertion, other than references to purported affidavits

and conclusions in a previous case he filed, which appear to be misplaced. The Magistrate Judge's analysis and conclusions are sound.

Next, Plaintiff's objects to the Magistrates Judge's recommendation that Plaintiff's claim against Defendant Pohl be dismissed for failure to state a claim because Plaintiff failed to allege any misconduct or unlawful conduct by Defendant Pohl (Pl. Obj., ECF No. 27 at PageID.185; R&R, ECF No. 26 at PageID.180-81). Plaintiff asserts that he did in fact instruct Defendant Pohl to provide him with the medicine bag in administrative segregation (ECF No. 27 at PageID.185, citing Complaint, ECF No. 1 at PageID.3). However, as the Magistrate Judge notes, the cited record fails to specifically reference Defendant Pohl. In any event, Plaintiff's claim against Defendant Pohl fails for the same reasons articulated above. Thus, Plaintiff's claim against Defendant Pohl is properly dismissed for failure to state a claim (ECF No. 26 PageID.181).[2]

Because Plaintiff's claims are properly dismissed for failure to state a claim, the Magistrate Judge correctly determined that Defendants' Motion for Summary Judgment based on the issue of exhaustion (ECF No. 18) is moot.

Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

---

[2] Plaintiff has belatedly filed numerous supplements, responses, and declarations after the time permitted for objection to the Report and Recommendation, contrary to 28 U.S.C. § 636(b)(1)(C) and the local court rules. The Court has no obligation to consider such belated repetitive filings following the Report and Recommendation and, regardless, they do not warrant a different result.

**IT IS HEREBY ORDERED** that the Objections (ECF No. 27) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 26) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Summary Judgment (ECF No. 18) is DISMISSED as moot, and this action is DISMISSED for the reasons stated herein.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: September 20, 2018                                  /s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge